# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 9, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEWART A. GRIMES,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0028** (BOR Appeal No. 2047351)
                        (Claim No. 2011037168)

**CITY OF WHEELING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stewart A. Grimes, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Wheeling, by Aimee L. Morgan-Stern, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 14, 2012, in which the Board affirmed a June 1, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 19, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Grimes, a truck driver and laborer, alleges he developed carpal tunnel syndrome in the course of his employment. Mr. Grimes sustained an injury to his left shoulder in an unrelated claim. In order to assess possible cervical radiculopathy, an EMG was performed. The EMG revealed no evidence of cervical radiculopathy but it did show mild to moderate median entrapment neuropathy in the left wrist, as may occur in carpal tunnel syndrome. Michael Kovalick, D.O., Mr. Grimes's treating physician, thereafter diagnosed carpal tunnel syndrome and Mr. Grimes requested that it be held compensable. The claims administrator denied the request on May 19, 2011.

1

Mr. Grimes testified in a deposition that his job requires repetitive pushing and pulling, hammering, and the use of vibratory power tools. During the fourteen years that he has been employed by the City of Wheeling, he has also been required to use jackhammers, chainsaws, and weed eaters. He stated that he had pre-existing left thumb numbness, degenerative joint disease, and arthritis in his left hand and thumb. He also stated that he now experiences numbness in his right and middle fingers as well.

In an independent medical evaluation on March 28, 2011, for an unrelated claim, Sushil Sethi, M.D., found that Tinnel and Phalen tests were negative and grasp, pinch, manipulation, and fine coordination were normal. Ira Unger, M.D., performed a records review on October 5, 2011, in which he determined that Mr. Grimes underwent the EMG to assess possible cervical radiculopathy. Prior to the EMG, he had no symptoms of carpal tunnel syndrome. Dr. Unger determined that the test was likely a false positive. He opined that numbness solely on the left thumb is atypical of carpal tunnel syndrome and mild abnormalities on an EMG do not equal a diagnosis of carpal tunnel syndrome. He found that none of the classic symptoms of carpal tunnel syndrome are present in this case. However, even if Mr. Grimes does have carpal tunnel syndrome, his job duties are inconsistent with occupationally-related carpal tunnel syndrome. He noted that the majority of cases are not occupationally caused.

The Office of Judges affirmed the claims administrator's decision in its June 1, 2012, Order. It found that Dr. Kovalick diagnosed carpal tunnel syndrome based upon the EMG and positive Phalen and Tinnel tests. Mr. Grimes's testimony was determined to be unpersuasive to show that his employment duties were highly repetitive in nature, required repetitive forceful gripping in abnormal wrist positions, or required the use of highly vibratory tools over a prolonged period of time as is consistent with a diagnosis of carpal tunnel syndrome. This conclusion was supported by Dr. Unger's report which found that the job duties indicated Mr. Grimes performed a wide array of activities on a daily basis, none of which were highly repetitive in nature.

The Office of Judges also found that Dr. Kovalick's diagnosis update failed to provide a persuasive basis for finding that Mr. Grimes's carpal tunnel syndrome developed in the course of his employment. There was no indication that Dr. Kovalick was aware of his employment duties, and his diagnosis was based upon the EMG. The Office of Judges determined that Dr. Unger questioned the validity of the EMG because the symptomology that is classic for carpal tunnel syndrome was absent in this case. Given that carpal tunnel syndrome is often idiopathic in origin and that Mr. Grimes had a history of left thumb arthritis, the Office of Judges found that Dr. Kovalick's opinion was questionable.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 14, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates that Mr. Grimes did not develop carpal tunnel syndrome in the course of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 9, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry